NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PHUN YEM,

           Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

           Respondent.

No. 22-364

Agency No.
A027-341-758

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 4, 2023
San Francisco, California

Before: W. FLETCHER, TALLMAN, and LEE, Circuit Judges.

Phun Yem, a native and citizen of Cambodia, petitions for review of the Board

of Immigration Appeals' ("BIA") decision dismissing his appeal of the Immigration

Judge's ("IJ") denial of his motion to reopen and terminate his removal proceedings

as time barred and not subject to equitable tolling. Yem's order of removal became

final on June 10, 2005. The statutory filing deadline for his motion to reopen was

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ninety days later on September 8, 2005. 8 U.S.C. § 1229a(c)(7)(C)(i). Our decision in *Estrada-Espinoza v. Mukasey* invalidated the original basis for Yem's removal on October 20, 2008. 546 F.3d 1147 (9th Cir. 2008). Yem filed the motion to reopen that gave rise to this case on December 10, 2019, eleven years later. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

A more detailed explanation by the BIA would have been desirable; however, the facts of this case are sufficiently clear such that we may discern from the existing record the basis of the BIA's denial of relief. In *Lona v. Barr*, we observed that equitable tolling cases "typically arise in conjunction with claims of ineffective assistance of counsel," but also that the BIA may choose to toll statutory filing deadlines "in cases where the petitioner seeks excusal from untimeliness based on a change in the law that invalidates the original basis for removal." 958 F.3d 1225, 1230 (9th Cir. 2020). Still, petitioners bear the burden of proof to demonstrate that they were prevented from filing a timely motion to reopen "because of deception, fraud, or error," and that they acted with "due diligence in discovering the deception, fraud, or error" for equitable tolling to apply. *Iturribarria v. I.N.S.*, 321 F.3d 889, 897 (9th Cir. 2003). Thus, a threshold question in any equitable tolling analysis is whether a petitioner diligently pursued his rights. *See Lona*, 958 F.3d at 1232 (framing the inquiry as whether petitioner demonstrated "a diligent pursuit of her rights in the intervening years between her removal and [the change in law]");

*Goulart v. Garland*, 18 F.4th 653, 655 (9th Cir. 2021) (same).

Yem does not offer sufficient evidence that he diligently pursued his rights in the fourteen years between when his removal order became final in 2005 and when he filed his motion to reopen in 2019. Yem makes two arguments to support a finding of diligence: (1) that he had initial consultations with two immigration attorneys in 2007, both of whom told him that there was nothing that could be done about his then-valid removal order, and (2) that he checked in with ICE every three to six months as a condition of his release from immigration detention. First, Yem did not retain either attorney from 2007, he did not provide their names to the BIA, and he never again checked in with them, or any other attorneys, for the next twelve years. *See Bonilla v. Lynch*, 840 F.3d 575, 583 (9th Cir. 2016) (finding a petitioner did not act with due diligence when he waited six years to pursue further legal advice after an initial consultation with a pro bono attorney at an immigration workshop). Second, Yem offered no evidence that he asked ICE about the status of his case at any of his check-ins, that ICE was under any obligation to inform him about changes in the law underlying his removal order, or that these meetings were anything other than mandatory check-ins related to his outstanding removal order. This evidence falls well short of the reasonable diligence required to warrant equitable tolling.

The BIA concluded that Yem waited too long to file his motion to reopen, even considering his personal circumstances. We have considered the fact that the

agency did not discuss the evidence that Yem submitted to support a finding of due diligence. While we would have preferred a more detailed explanation to demonstrate the basis for the agency's decision, we see no need to remand on this record when "it is obvious that the BIA . . . would explicitly deny equitable tolling for the reasons we set forth." *Lona*, 958 F.3d at 1231 n.7.

**PETITION DENIED.**